```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/17/17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

            Plaintiff,

        vs.

VERIZON NEW YORK, INC., VERIZON
NETWORK INTEGRATION CORP., and
VERIZON SELECT SERVICES, INC.,

            Defendants.

17 Civ. 7928 ( RA )

**STIPULATION AND ORDER OF
SETTLEMENT AND DISMISSAL**

      This proposed Stipulation and Order of Settlement and Dismissal (the "Stipulation") is

entered into by and among the United States, by the United States Department of Justice, Civil

Division, and the United States Attorney's Office for the Southern District of New York, and on

behalf of the Federal Communications Commission ("FCC") (altogether, the "United States" or

the "Government") and defendants Verizon New York, Inc., Verizon Network Integration Corp.,

and Verizon Select Services, Inc. ("Defendants") (together with the Government, "the Parties"),

through their authorized representatives.

## RECITALS

      WHEREAS, Defendants provide wireline-related services and provided to the New York

City Department of Education ("NYC DOE") services and equipment in public school buildings

through what was known as "Project Connect";

      WHEREAS, Defendants knew that funds from the federal Schools and Libraries Program

(known as the "E-Rate Program"), established by the Telecommunications Act of 1996, were

used in part to reimburse them for certain services provided to NYC DOE;

      WHEREAS, since 2006, the provision of services and equipment to the NYC DOE has

been investigated by the Special Commissioner of Investigation for the New York City School

District ("SCI"), the United States Department of Justice, Civil Division, the United States

Attorney's Office for the Southern District of New York, the FCC, and Universal Services

Administrative Company ("USAC"), including certain conduct relating to Defendants' provision

of services and equipment to NYC DOE through Project Connect;

WHEREAS, the conduct investigated by the United States and the FCC concerned

allegations that Defendants billed E-rate for ineligible consultant services in 2006 (the "Covered

Conduct");

WHEREAS, on October 16, 2017, the United States filed a complaint (the "Complaint")

in the above-captioned action (the "Action") alleging claims for the Covered Conduct under the

False Claims Act;

WHEREAS, on October 16, 2017, Defendants entered into a consent decree with the

FCC (the "FCC Consent Decree");

NOW, THEREFORE, upon the Parties' agreement, IT IS HEREBY ORDERED THAT:

1.    Defendants consent to this Court's exercise of personal jurisdiction with respect

to this action.

2.    Defendants admit, acknowledge, and accept responsibility for the following facts:

a.    The E-rate program provides subsidies for telecommunications, Internet
access, internal connections and managed internal broadband services for
schools and libraries, and is designed to bring modern telecommunications
capabilities to students and library patrons. Applicants for E-rate funding
are required to seek competitive bids from prospective service providers,
and are required to treat the price of E-rate eligible goods and services as
the primary factor when selecting amongst competing service providers.
As set forth in FCC reports and orders, these rules are the cornerstone of
the E-rate program, as, without competitive bidding, "prices charged to
schools and libraries may be needlessly high, with the result that fewer
eligible schools and libraries would be able to participate in the program."
*Federal-State Joint Board on Universal Service*, Report and Order, 12
FCC Rcd. 8776, 9209, para. 480 (1997); *see also Request for Review of
the Decision of the Universal Service Administrator by Ysleta Independent*

*School District*, Order, 18 FCC Rcd. 26407, 26417, para. 22 (2003) ("Competitive bidding for services eligible for discount is a cornerstone of the E-rate program..."). Subsequent to competitive bidding, only eligible services may be submitted to the E-rate Program for payment.

b.    NYC DOE is the largest school district in the United States, serving approximately 1.1 million students in over 1,800 schools. Since 1998, NYC DOE has received approximately $1.3 billion in E-rate program disbursements. Verizon has participated in the E-rate program since 1998. Verizon provided certain services to the NYC DOE during the relevant period, including as part of the NYC DOE's Project Connect, that are regulated by the FCC. Verizon provided NYC DOE with both data and voice telecommunications services and structured cabling and integration services. Verizon used various subcontractors to complete the structured cabling and integration work.

c.    In May 2006, the Office of the Special Commissioner of Investigation for the New York City School District ("SCI") began an investigation of allegations that Willard "Ross" Lanham ("Lanham"), a NYC DOE consultant who served as the Project Manager for Project Connect, was receiving illegal kickbacks.

d.    In April 2011, SCI issued a report ("SCI Report") concluding that Lanham had orchestrated a massive fraud from 2002 to 2008. According to the SCI Report, Lanham created a subcontracting scheme through which Lanham billed millions of dollars to the NYC DOE for consultants he employed through a company (Lanham Enterprises) that he owned, thereby misappropriating money from NYC DOE, without NYC DOE's or Verizon's knowledge or agreement, to himself — profiting from the markup on the consultants' time.

e.    The SCI Report concluded that Lanham was able to accomplish his scheme and conceal the employment of the consultants by using pass-through entities, including vendors that provided services for NYC DOE, such as Verizon and IBM.

f.    The NYC DOE designated Lanham as its "Single Point of Contact" to handle coordination and facilitation of certain contracts, including with Verizon. Among other things, Lanham directed Verizon to utilize his preferred subcontractor for cabling work. The SCI Report described one instance in 2006 when Lanham told Verizon that he would steer a major cabling and integration initiative elsewhere unless Verizon continued to use Lanham's preferred subcontractor (telling a Verizon employee "I want you to use [his preferred subcontractor], and if you don't use them for the cabling integration jobs then I'm giving it to IBM"). Verizon complied with Lanham's request. Verizon was awarded the project.

3

g.    At Lanham's direction, Verizon processed invoices ultimately submitted to NYC DOE that contained consultant charges with Verizon's standard margin applied on top.  Pursuant to Lanham's instructions, rather than identifying a particular school associated with the work, the school identification for the consultant charges would state "various" or "multiple," and the charges were described with a general reference to the project, rather than being listed specifically as consulting charges.

h.    When a Verizon project manager questioned Lanham about the consultant charges, Lanham advised the project manager that he was aware of these charges, knew what they were, that the consultants were working on the cabling projects, and they were proper.  Although Lanham instructed Verizon not to submit consultant charges for E-rate reimbursement, one charge for the consultants inadvertently was billed to E-rate.

i.    The consultants were not, in fact, working on cabling projects and Verizon did not know their identities.  The claim for the consultants was ineligible to be paid by E-rate.

j.    Based upon representations of future work from Lanham, Verizon cut its own margins to remain within the project budget after certain costs, including cabling materials, experienced unanticipated increases.

k.    Lanham left the NYC DOE in late 2008.

l.    After the SCI Report was released in 2011, Lanham was indicted by a grand jury in the Southern District of New York.  He was subsequently convicted and his conviction was upheld on appeal.  Verizon and its employees cooperated in the government's prosecution.  In affirming Lanham's conviction on appeal, the United States Court of Appeals for the Second Circuit found that the evidence showed Lanham assured Verizon that the bills including consultant charges were appropriate.

m.    Since the conduct involving Lanham's fraudulent scheme ended in 2008, Verizon has made adjustments, as appropriate, to policies, procedures, and practices.

3.    Defendants shall pay to the United States, no later than fourteen days after the Effective Date of this Stipulation, the sum of $354,634 (the "Settlement Amount") and interest on the Settlement Amount at the rate of 2.25% annually accruing from September 15, 2016, through the date payment is made.  Defendants shall make this payment by electronic funds

transfer pursuant to written instructions from the United States Attorney's Office for the Southern District of New York.

4.      Subject to the exceptions in Paragraph 5 (concerning excluded claims) below, and conditioned upon Defendants' full payment of the Settlement Amount, the United States releases Defendants together with their current and former parent corporations; direct and indirect subsidiaries; brother or sister corporations; divisions; current or former corporate owners; and the corporate successors and assigns of any of them, including but not limited to Verizon Communications Inc., from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of breach of contract, payment by mistake, unjust enrichment, and fraud.

5.      Notwithstanding the release given in Paragraph 4 of this Stipulation, or any other term of this Stipulation, the following claims of the United States are specifically reserved and are not released:

a.      Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b.      Any criminal liability;

c.      Except as explicitly stated in this Stipulation, any administrative liability, including the suspension and debarment rights of any federal agency;

d.      Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

e.      Any liability based upon obligations created by this Stipulation; and

f.      Any liability of individuals.

6.      Defendants shall be in default of this Stipulation if Defendants fail to make the required payment set forth in Paragraph 3 above on or before the due date for such payment, or if they fail to comply materially with any other term of this Stipulation that applies to them

("Default"). The Government shall provide written notice of any Default in the manner set forth in Paragraph 14 below. Defendants shall then have an opportunity to cure the Default within ten (10) calendar days from the date of delivery of the notice of Default. In the event that a Default is not fully cured within ten (10) calendar days of the delivery of the notice of Default ("Uncured Default"), interest shall accrue at the rate of 12% per annum compounded daily on the remaining unpaid principal balance of the Settlement Amount, beginning ten (10) calendar days after mailing of the notice of Default. In the event of an Uncured Default, Defendants agree to the entry of the consent judgment attached as Exhibit A and that the Government may take action to collect on the consent judgment. In the event of an Uncured Default, Defendants further agree that the United States, at its option, may (a) rescind this Stipulation and reinstate the claims asserted against Defendants in the Complaint; (b) seek specific performance of this Stipulation; (c) offset the remaining unpaid balance of the Settlement Amount from any amounts due and owing Defendants at the time of default by any department, agency, or agent of the United States; or (d) exercise any other rights granted by law, or under the terms of this Stipulation, or cognizable at common law or in equity. Defendants shall not contest any offset imposed or any collection undertaken by the Government pursuant to this Paragraph, either administratively or in any Federal or State court. In addition, Defendants shall pay the Government all reasonable costs of collection and enforcement under this Paragraph, including attorneys' fees and expenses. In the event that the United States opts to rescind this Stipulation pursuant to this Paragraph, Defendants shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims that relate to the Covered Conduct, except to the extent these defenses were available on April 2, 2014.

7.    Defendants waive and shall not assert any defenses they may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Stipulation bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this Stipulation constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

8.    Defendants fully and finally release the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that they have asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' investigation and prosecution thereof.

9.    Defendants agree to the following:

a.    *Unallowable Costs Defined*: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of Defendants, and their present or former officers, directors, employees, shareholders, and agents in connection with:

(1)    the matters covered by this Stipulation and the FCC Consent Decree;

(2)    the United States' audit(s) and civil investigation(s) of the matters covered by this Stipulation and the FCC Consent Decree;

(3)    Defendants' investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and/or civil investigation(s) in connection with the matters covered by this Stipulation and the FCC Consent Decree (including attorney's fees);

(4)    the negotiation and performance of this Stipulation and the FCC
       Consent Decree; or

(5)    the payment Defendants make to the United States pursuant to this
       Stipulation and the payment Defendants make to the FCC pursuant
       to the FCC Consent Decree,

are unallowable costs for government contracting purposes (hereinafter
referred to as "Unallowable Costs").

b.     *Future Treatment of Unallowable Costs*: Unallowable Costs will be
       separately determined and accounted for by Defendants, and they shall not
       charge such Unallowable Costs directly or indirectly to any contract with
       the United States.

c.     *Treatment of Unallowable Costs Previously Submitted for Payment*:
       Within 90 days of the Effective Date of this Stipulation, Defendants shall
       identify and repay by adjustment to future claims for payment or
       otherwise any Unallowable Costs included in payments previously sought
       by Defendants or any of their subsidiaries or affiliates from the United
       States. Defendants agree that the United States, at a minimum, shall be
       entitled to recoup from them any overpayment plus applicable interest and
       penalties as a result of the inclusion of such Unallowable Costs on
       previously submitted requests for payment. The United States, including
       the Department of Justice and/or the FCC, reserves its rights to audit,
       examine, or re-examine Defendants' books and records and to disagree
       with any calculations submitted by Defendants or any of their subsidiaries
       or affiliates regarding any Unallowable Costs included in payments
       previously sought by Defendants, or the effect of any such Unallowable
       Costs on the amount of such payments.

10.    Defendants agree to continue to cooperate fully and truthfully with the United

States' investigation of individuals and entities not released in this Stipulation. Upon reasonable

notice, Defendants shall encourage, and agree not to impair, the cooperation of their directors,

officers, and employees, and shall use their best efforts to make available, and encourage, the

cooperation of former directors, officers, and employees for interviews and testimony, consistent

with the rights and privileges of such individuals. Defendants further agree to furnish to the

United States, upon request, complete and unredacted copies of all non-privileged documents,

reports, memoranda of interviews, and records in their possession, custody, or control concerning

any investigation of the Covered Conduct that they have undertaken, or that has been performed by another on their behalf.

11.     This Stipulation is intended to be for the benefit of the Parties only.  With the exception of the entities and individuals identified in Paragraphs 4 and 8, *supra*, the Parties do not release any claims against any other person or entity.

12.     Defendants warrant that they have reviewed their respective financial situations and that they currently are solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I), and shall remain solvent following payment to the United States of the Settlement Amount.  Further, the Parties warrant that, in evaluating whether to execute this Stipulation, they (a) have intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to Defendants, within the meaning of 11 U.S.C. § 547(c)(1), and (b) conclude that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange.  Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Defendants were or became indebted to on or after the date of this transfer, within the meaning of 11 U.S.C. § 548(a)(1).

13.     If, within 91 days of the Effective Date of this Stipulation or of any payment made under this Agreement, Defendants, either individually and/or collectively, commence, or a third party commences, any case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors (a) seeking to have any order for relief of any of the Defendants', either individually and/or collectively, debts, or seeking to adjudicate any of the Defendants, either individually and/or collectively, as bankrupt or

9

insolvent; or (b) seeking appointment of a receiver, trustee, custodian, or other similar official for Defendants, either individually and/or collectively, or for all or any substantial part of any of any Defendants' assets, Defendants agree as follows:

a. Defendants', either individually and/or collectively, obligations under this Agreement may not be avoided pursuant to 11 U.S.C. § 547, and Defendants, either individually and/or collectively, shall not argue or otherwise take the position in any such case, proceeding, or action that: (i) Defendants', either individually and/or collectively, obligations under this Agreement may be avoided under 11 U.S.C. § 547; (ii) Defendants, either individually and/or collectively, were insolvent at the time this Agreement was entered into, or became insolvent as a result of the payment made to the United States; or (iii) the mutual promises, covenants, and obligations set forth in this Agreement do not constitute a contemporaneous exchange for new value given to Defendants, either individually and/or collectively.

b. If Defendants', either individually and/or collectively, obligations under this Stipulation are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its sole option, may rescind the releases in this Stipulation and bring any civil and/or administrative claim, action, or proceeding against Defendants for the claims that would otherwise be covered by the releases provided in Paragraph 4 above. Defendants agree that (i) any such claims, actions, or proceedings brought by the United States are not subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the action, case, or proceedings described in the first clause of this Paragraph, and shall not argue or otherwise contend that the United States' claims, actions, or proceedings are subject to an automatic stay; (ii) Defendants shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any such civil or administrative claims, actions, or proceeding that are brought by the United States within 180 calendar days of written notification to Defendants that the releases have been rescinded pursuant to this Paragraph, except to the extent such defenses were available on April 2, 2014; and (iii) the United States has a valid claim against Defendants in the amount of three hundred fifty-four thousand six hundred and thirty- four dollars ($354,634.00), and the United States may pursue its claim in the case, action, or proceeding referenced in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

c. Defendants acknowledge that their agreements in this Paragraph are provided in exchange for valuable consideration provided in this Stipulation.

14.    Any notice pursuant to this Stipulation shall be in writing and shall, unless expressly provided otherwise herein, be delivered by hand, express courier, or e-mail transmission followed by postage-prepaid mail, and shall be addressed as follows:

TO THE UNITED STATES:

Jean-David Barnea
Assistant United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007
Tel. (212) 637-2679
Fax (212) 637-2717
Email: Jean-David.Barnea@usdoj.gov

and

Jennifer Chorpening Trial Attorney
U.S. Department of Justice, Civil Division
Commercial Litigation Branch
P.O. Box 261, Ben Franklin Station
Washington, DC 20044
Tel. (202) 514-8112
Fax (202) 514-0280
Email: Jennifer.Chorpening@usdoj.gov

TO DEFENDANTS:

Patrick Fitzgerald
Skadden, Arps, Slate, Meagher & Flom LLP
155 North Wacker Drive
Chicago, IL 60606
Tel. (312) 407-0508
Fax (312) 827-9320
Email: patrick.fitzgerald@skadden.com

and

Charles William McIntyre, Jr.
McGuire Woods LLP
2001 K Street, NW, Suite 400
Washington, DC 20006
Tel. (202) 857-1742
Fax (202) 828-2967
Email: cmcintyre@mcguirewoods.com

15.     The Effective Date of this Stipulation is the date it is entered by the Court.

16.     Subject to the exceptions set forth in this Stipulation, in consideration of the Defendants' obligations in this Stipulation, and conditioned upon Defendants' full payment of the Settlement Amount, the Complaint is dismissed with prejudice.

17.     Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Stipulation.

18.     Each Party and signatory to this Stipulation represents that it freely and voluntarily enters into this Stipulation without any degree of duress or compulsion.

19.     This Stipulation is governed by the laws of the United States.  The exclusive jurisdiction and venue for any dispute relating to this Stipulation is the United States District Court for the Southern District of New York.  For purposes of construing this Stipulation, this Stipulation shall be deemed to have been drafted by all Parties and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

20.     This Stipulation constitutes the complete agreement between the Parties.  This Stipulation may not be amended except by written consent of the Parties.

21.     The undersigned counsel represent and warrant that they are fully authorized to execute this Stipulation on behalf of the persons and entities indicated below.

22.     This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation.  Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

23.     This Stipulation is binding on Defendants' successors, transferees, heirs, and assigns.

**FOR THE UNITED STATES OF AMERICA**

DATED:   New York, New York        JOON H. KIM
Oct. 16, 2017                      Acting United States Attorney for the
                                   Southern District of New York

                            By: _____
                                JEAN-DAVID BARNEA
                                Assistant United States Attorney
                                86 Chambers Street, 3rd Floor
                                New York, NY 10007
                                Tel. (212) 637-2679
                                Fax (212) 637-2717
                                Email: Jean-David.Barnea@usdoj.gov


         Washington, D.C.          CHAD A. READLER
         Oct. 16, 2017             Acting Assistant Attorney General

                            By: _____
                                MICHAEL D. GRANSTON
                                PATRICIA L. HANOWER
                                JENNIFER CHORPENING
                                Attorneys
                                U.S. Department of Justice
                                Commercial Litigation Branch
                                P.O. Box 261, Ben Franklin Station
                                Washington, DC 20044
                                Tel. (202) 514-8112
                                Fax (202) 514-0280
                                Email: Jennifer.Chorpening@usdoj.gov

                                *Counsel for the United States of America*

**FOR DEFENDANTS**

Dated:      Chicago, Illinois          SKADDEN, ARPS, SLATE, MEAGHER
              _Sept. 13_, 2017                             & FLOM LLP

                                 By: _____
                                    PATRICK FITZGERALD
                                    155 North Wacker Drive
                                    Chicago, IL 60606
                                    Tel. (312) 407-0508
                                    Fax (312) 827-9320
                                    Email: patrick.fitzgerald@skadden.com

Dated:      Washington, D.C.          MCGUIRE WOODS LLP
              _____, 2017

                                 By: _____
                                    CHARLES WILLIAM MCINTYRE, JR.
                                    2001 K Street, NW, Suite 400
                                    Washington, DC 20006
                                    Tel. (202) 857-1742
                                    Fax (202) 828-2967
                                    Email: cmcintyre@mcguirewoods.com

                                 _Counsel for the Defendants_

Dated:      Basking Ridge, NJ       VERIZON NEW YORK, INC.
             _Sept. 11_, 2017           VERIZON NETWORK INTEGRATION CORP.
                              VERIZON SELECT SERVICES, INC.

                               By: _____
                                  Craig L. Silliman
                                  Executive Vice President & General Counsel
                                  Verizon

**FOR DEFENDANTS**

Dated:     Chicago, Illinois          SKADDEN, ARPS, SLATE, MEAGHER
           _____, 2017                  & FLOM LLP


By: _____
    PATRICK FITZGERALD
    155 North Wacker Drive
    Chicago, IL 60606
    Tel. (312) 407-0508
    Fax (312) 827-9320
    Email: patrick.fitzgerald@skadden.com

Dated:     Washington, D.C.          MCGUIRE WOODS LLP
           Sept. 13, 2017


By: _____
    CHARLES WILLIAM MCINTYRE, JR.
    2001 K Street, NW, Suite 400
    Washington, DC 20006
    Tel. (202) 857-1742
    Fax (202) 828-2967
    Email: cmcintyre@mcguirewoods.com

    *Counsel for the Defendants*

Dated:     Basking Ridge, NJ         VERIZON NEW YORK, INC.
           Sept. 11, 2017            VERIZON NETWORK INTEGRATION CORP.
                                     VERIZON SELECT SERVICES, INC.


By: _____
    Craig L. Silliman
    Executive Vice President & General Counsel
    Verizon

14

**FOR THE COURT**

SO ORDERED:

_____

Oct 17 2017
Date

UNITED STATES DISTRICT JUDGE

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 17 Civ. _____ (_____) |
| vs. | **CONSENT JUDGMENT** |
| VERIZON NEW YORK, INC., VERIZON NETWORK INTEGRATION CORP., and VERIZON SELECT SERVICES, INC., | |
| Defendants. | |

Upon the consent of plaintiff the United States of America and defendants Verizon New York, Inc., Verizon Network Integration Corp., and Verizon Select Services, Inc. ("Defendants"), it is hereby

ORDERED, ADJUDGED and DECREED: that plaintiff the United States of America is awarded judgment in the amount of three hundred fifty-four thousand, six hundred and thirty-four dollars ($354,634) as against Defendants, as well as post-judgment interest at the rate of 12% per annum compounded daily.

SO ORDERED:


_____          _____
Date                             UNITED STATES DISTRICT JUDGE

Agreed to by:

### FOR THE UNITED STATES OF AMERICA

DATED:      New York, New York              JOON H. KIM
            Oct. 16  , 2017                 Acting United States Attorney for the
                                            Southern District of New York


By: _____

JEAN-DAVID BARNEA
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007
Tel. (212) 637-2679
Fax (212) 637-2717
Email: Jean-David.Barnea@usdoj.gov


            Washington, D.C.                CHAD A. READLER
            Oct. 16  , 2017                 Acting Assistant Attorney General


By: _____

MICHAEL D. GRANSTON
PATRICIA L. HANOWER
JENNIFER CHORPENING
Attorneys
U.S. Department of Justice
Commercial Litigation Branch
P.O. Box 261, Ben Franklin Station
Washington, DC 20044
Tel. (202) 514-8112
Fax (202) 514-0280
Email: Jennifer.Chorpening@usdoj.gov

*Counsel for the United States of America*

2

**FOR DEFENDANTS**

Dated:    Chicago, Illinois              SKADDEN, ARPS, SLATE, MEAGHER
          _SA 13_, 2017                          & FLOM LLP


                              By: _Patrick Fitzgerald_
                                  PATRICK FITZGERALD
                                  155 North Wacker Drive
                                  Chicago, IL 60606
                                  Tel. (312) 407-0508
                                  Fax (312) 827-9320
                                  Email: patrick.fitzgerald@skadden.com


Dated:    Washington, D.C.              MCGUIRE WOODS LLP
          _____, 2017


                              By: _____
                                  CHARLES WILLIAM MCINTYRE, JR.
                                  2001 K Street, NW, Suite 400
                                  Washington, DC 20006
                                  Tel. (202) 857-1742
                                  Fax (202) 828-2967
                                  Email: cmcintyre@mcguirewoods.com

                                  *Counsel for the Defendants*


Dated:    Basking Ridge, NJ            VERIZON NEW YORK, INC.
          _Sept 11_, 2017             VERIZON NETWORK INTEGRATION CORP.
                                       VERIZON SELECT SERVICES, INC.


                              By: _____
                                  Craig L. Silliman
                                  Executive Vice President & General Counsel
                                  Verizon


3

**FOR DEFENDANTS**

Dated:      Chicago, Illinois            SKADDEN, ARPS, SLATE, MEAGHER
            _____, 2017                    & FLOM LLP


By: _____
    PATRICK FITZGERALD
    155 North Wacker Drive
    Chicago, IL 60606
    Tel. (312) 407-0508
    Fax (312) 827-9320
    Email: patrick.fitzgerald@skadden.com

Dated:      Washington, D.C.            MCGUIRE WOODS LLP
            Sept 13, 2017


By: _____
    CHARLES WILLIAM MCINTYRE, JR.
    2001 K Street, NW, Suite 400
    Washington, DC 20006
    Tel. (202) 857-1742
    Fax (202) 828-2967
    Email: cmcintyre@mcguirewoods.com

    *Counsel for the Defendants*

Dated:      Basking Ridge, NJ          VERIZON NEW YORK, INC.
            Sept 11, 2017              VERIZON NETWORK INTEGRATION CORP.
                                       VERIZON SELECT SERVICES, INC.


By: _____
    Craig L. Silliman
    Executive Vice President & General Counsel
    Verizon

3